UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LUCILLE MARY DALEY,

                            *Plaintiff,*

                      -against-

THE CITY OF NEW YORK, POLICE OFFICER LOUIS CAPOBIANCO, Shield No. 11416, in his individual and official capacity and KINGS COUNTY DISTRICT ATTORNEY CHARLES J. HYNES,

                            *Defendant.*
-------------------------------------------------------------------X

**COMPLAINT**

JURY TRAIL DEMANDED

**CV 13 - 3674**
Civil Action No. _____

WEINSTEIN, J.

POLLAK, M.J

Plaintiff **LUCILLE MARY DALEY**, by and through her attorneys, **NOVO LAW FIRM, PC**, complaining of Defendants herein, respectfully shows the Court and allege:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff **LUCILLE MARY DALEY** seeks relief for Defendant' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and of rights secured under the laws and Constitution of the State of New York. Plaintiff seeks damages, compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems equitable and just.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 and § 1331, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

1

3. Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

4. Plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

5. Venue herein is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## JURY DEMAND

6. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. Plaintiff **LUCILLE MARY DALEY** (hereinafter "Ms. Daley") is 47 years old and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of Kings.

8. Defendant **THE CITY OF NEW YORK** was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant **THE CITY OF NEW YORK** is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department and Offices of the District Attorneys for its constituent counties, which acts as its agents in the area of law enforcement and for which it is ultimately responsible. Defendant **THE CITY OF NEW YORK** assumes the risks incidental to the maintenance of a police

2

force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

10. Defendant **KINGS COUNTY DISTRICT ATTORNEY CHARLES J. HYNES**, at all times relevant herein, was the District Attorney of the County of Kings, City of Brooklyn and State of New York, and was responsible for, and the chief architect of, the policies, practices, customs and usages of the Office of the District Attorney, Kings County, of Defendant **THE CITY OF NEW YORK**.

11. Defendant **KINGS COUNTY DISTRICT ATTORNEY CHARLES J. HYNES** is and was responsible for the hiring, screening, training, retention, supervision, discipline, counseling and control of the Assistant District Attorneys and other agents and employees of the Office of the District Attorney, Kings County, under his command.

12. Defendant **POLICE OFFICER LOUIS CAPOBIANCO** was and is at all times relevant herein, duly appointed and acting officer, servant, employee and agent of the New York City Police Department, a municipal agency of Defendant **THE CITY OF NEW YORK**. Defendant **POLICE OFFICER LOUIS CAPOBIANCO** was and is at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of Defendant **THE CITY OF NEW YORK**, was acting for, and on behalf of, and with the power and authority vested in him by **THE CITY OF NEW YORK** and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties.

## STATEMENT OF FACTS

13. On or about July 6, 2012, at approximately 7:51 P.M. in the evening, Ms. Daley was lawfully entering the vicinity known to as the 62nd precinct of the New York City Police

Department, a municipal agency of Defendant **THE CITY OF NEW YORK**, located at 1925 Bath Avenue, in the City of Brooklyn, County of Kings and State of New York, for purposes of filing paperwork.

14.     As Ms. Daley entered the precinct, she was stopped by Defendant **POLICE OFFICER LOUIS CAPOBIANCO,** handcuffed and thereby arrested without reasonable suspicion, without probable cause, and without any threat or reasonable belief of unlawful activity.

15.     At no point did Defendant **POLICE OFFICER LOUIS CAPOBIANCO** tell Ms. Daley why she was being arrested, nor was it explained what, if any, probable cause Defendant **POLICE OFFICER LOUIS CAPOBIANCO** had to arrest and otherwise detain her. Ms. Daley was never read her Miranda rights.

16.     In the course of the improper and otherwise unlawful search, Defendant **POLICE OFFICER LOUIS CAPOBIANCO**, with blatant disregard for Ms. Daley's health and wellbeing, confiscated her medication. Despite Ms. Daley explaining multiple times that she is prescribed such medication by her doctor and it is medically necessary for her to take such medication as prescribed, Defendant **POLICE OFFICER LOUIS CAPOBIANCO** withheld said medication and refused her legitimate plea for her medication.

17.     Ms. Daley was fingerprinted, her picture was taken, and she was otherwise ignored and denied any explanation for her detention.

18.     Ms. Daley, a petite female, was then placed in one of two connected cells. The other connected cell held approximately 4 to 6 male inmates who harassed, assaulted and made inappropriate remarks/comments towards Ms. Daley. Despite Ms. Daley's multiple legitimate requests to be moved, she remained in the same cell for over seven (7) hours. Ms. Daley was then transported to Central Booking in handcuffs and shackles.

19.     In Central Bookings, Ms. Daley was again fingerprinted and another picture of her was taken. Ms. Daley's eye glasses were taken away. She was placed in a cell with no toilet paper and an extremely dirty unusable toilet resulting in her having to refrain from using the bathroom. The cell was infected with bugs/insects. Ms. Daley was deprived of all food and water and medication while in Central Booking. Ms. Daley and the other inmates were given a bucket of ice water to share. This resulted in Ms. Daley not being able to drink for hours while in custody. Ms. Daley spent over twelve (12) hours in Central Booking over seventeen (17) hours of total detention, without any reasonable explanation, without her necessary medication and without any probable cause.

20.     Subsequently, Ms. Daley had to appear in court five (5) times, retaining an attorney at a cost of $750.00 <u>per appearance</u> to represent her on the charge of "Criminal Contempt in the 1st degree – Violation of Order of Protection". Additionally, because Ms. Daley is disabled, her only means of traveling to court was to take a taxi cab at a cost of $20.00 <u>per one-way ride</u>. Additionally, the Judge ordered Ms. Daley to submit to a drug evaluation test, which Ms. Daley completed with negative results, however, she had to pay $250.00 for the test.

21.     To making this horrible ordeal worse, while making efforts to cope with the emotional injuries she had sustained, she had several surprise home visits by random police officers from the same precinct. Only after her criminal defense attorney called the precinct did these visits cease.

22.     On May 6, 2013, any and <u>all</u> charges were dismissed. The arrest, search and imprisonment were all unlawful, the charges were unlawful and the ordeal was unprovoked, uncalled for, without reasonable suspicion or probable cause and has caused Ms. Daley an insurmountable amount of economic, emotional and psychological damage.

23. As a result of the false arrest, false imprisonment, physiological and emotional injuries, Ms. Daley continues to suffer severe emotional trauma, nervousness, distrust, anxiety and post-traumatic stress. Due to these psychological and emotional injuries, Ms. Daley fears for her life and wellbeing every time an officer is in sight. Additionally, she was harassed, humiliated, embarrassed and continues to feel the effects of this to the present day.

## AS AND FOR A FIRST CAUSE OF ACTION
## DEPRIVATION OF RIGHTS UNDER THE
## US CONSTITUTION, NYS CONSTITUTION and 42 U.S.C. § 1983
## BY POLICE OFFICER LOUIS CAPOBIANCO

24. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

25. By their conduct and actions in arresting, searching, imprisoning, failing to intercede on behalf of Plaintiff, in failing, refusing and/or withholding her medically necessary medication, medical attention and/or other medical needs and in failing to protect her from the unjustified and unconstitutional treatment she received at the hands of Defendant, Defendant **POLICE OFFICER LOUIS CAPOBIANCO**, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to and/or a reckless disregard for the natural and probable consequences of his acts, caused injury and damage in violation of Plaintiff's due process clause and constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

26. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION and 42 U.S.C. § 1983
### BY THE CITY OF NEW YORK

27.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

28.     At all times material to this complaint, Defendant **THE CITY OF NEW YORK**, acting through its police department and through Defendant **POLICE OFFICER LOUIS CAPOBIANCO** had in effect actual and/or *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

29.     At all times material to this complaint, Defendant **THE CITY OF NEW YORK**, acting through its police department, and through Defendant **POLICE OFFICER LOUIS CAPOBIANCO** had in effect and/or *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise and discipline employees and police officers, and of failing to inform the individual Defendant's supervisors of the need to train, screen, supervise and discipline said Defendant. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

30.     Defendant **THE CITY OF NEW YORK**, acting through its police department, and through Defendant **POLICE OFFICER LOUIS CAPOBIANCO** being aware that such lack of training, screening, supervision, and discipline leads to improper conduct, acted with deliberate indifference in failing to establish a program of effective training, screening, supervision and discipline. Defendant **THE CITY OF NEW YORK**, being aware that the persistent and substantial risk of improper detention of persons based upon insufficient or incorrect information, and effective training, screening, supervision and discipline would lessen the likelihood of such

occurrences. There are recurrent circumstances which involve such potential danger to the constitutional rights of citizens, more specifically Plaintiff Ms. Daley and which are officially tolerated by Defendant **THE CITY OF NEW YORK**. Such policies, practices, customs or usages were a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the harm/damages alleged herein, in violation of Plaintiff Ms. Daley's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

31. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A THIRD CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION, NEW YORK CONSTITUTION and 42 U.S.C. § 1983
### BY KINGS COUNTY DISTRICT ATTORNEY CHARLES J. HYNES

32. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

33. At all times material to this complaint, Defendant **KINGS COUNTY DISTRICT ATTORNEY CHARLES J. HYNES**, had in effect actual and/or *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

34. At all times material to this complaint, Defendant **KINGS COUNTY DISTRICT ATTORNEY CHARLES J. HYNES** had in effect and/or *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees. The policies,

practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

35. Defendant **KINGS COUNTY DISTRICT ATTORNEY CHARLES J. HYNES** being aware that such lack of training, screening, supervision and discipline leads to improper conduct, acted with deliberate indifference in failing to establish a program of effective training, screening, supervision and discipline. Defendant **KINGS COUNTY DISTRICT ATTORNEY CHARLES J. HYNES**, being aware that the persistent and substantial risk of improper detention of persons based upon insufficient or incorrect information, and effective training, screening, supervision and discipline would lessen the likelihood of such occurrences. There are recurrent circumstances which involve such potential danger to the constitutional rights of citizens, more specifically Plaintiff and which are officially tolerated by Defendant **KINGS COUNTY DISTRICT ATTORNEY CHARLES J. HYNES**. Such policies, practices, customs or usages were a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the harm/damages alleged herein, in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

36. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A FORTH CAUSE OF ACTION
### FALSE ARREST and FALSE IMPRISONMENT

37. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

38. By the actions described above, Defendant **THE CITY OF NEW YORK** and **POLICE OFFICER LOUIS CAPOBIANCO** caused Plaintiff to be falsely arrested and falsely imprisoned without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so. The acts and conduct of Defendant were the direct and proximate cause of injury and damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

39. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A FIFTH CAUSE OF ACTION
### VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
### THE COMMON LAW OF THE STATE OF NEW YORK
### VIA BATTERY

40. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

41. Defendant **THE CITY OF NEW YORK** is vicariously liable to Plaintiff for the individual Defendant's **POLICE OFFICER LOUIS CAPOBIANCO** common tort of battery via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

42. Defendant **POLICE OFFICER LOUIS CAPOBIANCO** committed a battery on Plaintiff by being handcuffed, pushed, shoved, fingerprinted and searched. The deprivation of food, water, necessary medication and sanitary conditions while in custody, was harmful, unconsented, and unjustified and in so doing, Defendant **POLICE OFFICER LOUIS CAPOBIANCO**

violated the laws and Constitution of the State of New York and otherwise violated Plaintiff's rights under New York Law.

43. That by reason of the battery, Plaintiff was harmed physically and emotionally, all while unlawfully and illegally detained, and that Plaintiff was otherwise harmed as a result of the Defendant's actions.

44. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A SIXTH CAUSE OF ACTION
### VIOLATION OF PLAINTIFF'S RIGHT
### UNDER NEW YORK STATE LAW
### VIA ASSAULT

45. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

46. That on the aforementioned date, time and place, Defendant **POLICE OFFICER LOUIS CAPOBIANCO** committed the tort of assault against Plaintiff by causing her to be in apprehension of imminent, harmful and offensive touching and in so doing, Defendants violated the laws and Constitution of the State of New York and otherwise violated Plaintiff's rights under New York Law

47. That Defendant **THE CITY OF NEW YORK** is vicariously liable to Plaintiff for the individual Defendant's **POLICE OFFICER LOUIS CAPOBIANCO** common law tort of assault via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

11

48. That by reason of the aforesaid committed by Defendants, Plaintiff suffered and continues to suffer physical injury and that she was otherwise damaged.

49. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### NEGLIGENCE

50. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

51. Defendant **POLICE OFFICER LOUIS CAPOBIANCO** negligently caused injuries and otherwise damaged Plaintiff. The acts and conduct of Defendant were the direct and proximate cause of injury to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

52. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A EIGHTH CAUSE OF ACTION
### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION and TRAINING

53. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

54. Defendant **THE CITY OF NEW YORK** negligently hired, screened, retained, supervised and trained Defendant **POLICE OFFICER LOUIS CAPOBIANCO** and its employees. Defendant **KINGS COUNTY DISTRICT ATTORNEY CHARLES J. HYNES** negligently hired, screened, retained, supervised and trained its employees, agents and/or other officers of the court.

The acts and conduct of Defendant were the direct and proximate cause of injury to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

55. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A TENTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL HARM

56. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

57. Defendant **THE CITY OF NEW YORK, POLICE OFFICER LOUIS CAPOBIANCO** and **KINGS COUNTY DISTRICT ATTORNEY CHARLES J. HYNES** negligently caused emotional distress and damage to Plaintiff. The acts and conduct of Defendant were the direct and proximate cause of emotional injury to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

58. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A ELEVENTH CAUSE OF ACTION
## MALICIOUS PROSECUTION

59. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

60. By the actions describer above, Defendant **THE CITY OF NEW YORK, POLICE OFFICER LOUIS CAPOBIANCO** and **KINGS COUNTY DISTRICT ATTORNEY CHARLES J.**

**HYNES** caused Plaintiff to be maliciously prosecuted without any probable cause, without reasonable suspicion, without any proper claims, without any right or authority to do so, illegally and with malice.

61. Defendants **THE CITY OF NEW YORK, POLICE OFFICER LOUIS CAPOBIANCO** and **KINGS COUNTY DISTRICT ATTORNEY CHARLES J. HYNES** arrested and issued legal process in order to obtain collateral objectives outside the legitimate ends of the legal process and intimidating Plaintiff Mr. Daley for their personal interest and further to prevent Plaintiff from disclosing the aforementioned evidence of their misconduct. Defendants acted with intent to do harm to Plaintiff Ms. Daley without excuse or justification. The legal process was terminated in favor of Plaintiff Ms. Daley.

62. As a result of the foregoing, Plaintiff Ms. Daley was deprived of her liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of Defendant:

        a. Compensatory damages;

        b. Punitive damages;

        c. The convening and empanelling of a jury to consider the merits of the claims herein;

        d. Costs and interest and attorneys' fees;

        e. Such other further relief as this court may deem appropriate and equitable.

Dated:  New York, New York
        June __27__, 2013

                                        Yours,

                                        NOVO LAW FIRM, P.C.
                                        *Attorneys for Plaintiff*

                                        By: _____
                                        Ellie A. Silverman, Esq. (ES 5868)
                                        299 Broadway, 17th Floor
                                        New York, New York 10007
                                        (212) 233-6686
                                        Our File No.: 11-2440
                                        ellies@novolawfirm.com